IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES EDWARD CANNON,

    Petitioner,

v.                                                       CASE NO. 5:12-cv-98-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) This case is presently before the Court on Doc. 25, Respondent's motion to dismiss the Petition as time-barred. Respondent has submitted the relevant state court records with the motion. The Petitioner failed to file a response to the motion to dismiss and therefore on February 19, 2013, the Court issued an Order to Show Cause, Doc. 26, directing the Petitioner to show cause why the motion to dismiss should not be granted. Petitioner was advised that if the petition is dismissed he will be barred from filing a second or successive § 2254 petition without first obtaining an order from the court of appeals authorizing the district court to consider it. The Court also advised the Petitioner that failure to respond to the show cause order would result in the dismissal of his petition for failure to comply with a court order and for failure to prosecute.

---

[1] Because Petitioner is an inmate in the custody of the Florida Department of Corrections (DOC), the Secretary of the DOC is the state officer who has custody of Petitioner, and therefore the Secretary is properly named by his official title as the Respondent in this case. *See* Fed. R. Civ. P. 17(d); Rule 2, Rules Governing Habeas Corpus Petitions under § 2254. The **Clerk** is directed to correct the docket accordingly.

Petitioner has not filed a response to the motion to dismiss nor has he responded to the Court's order to show cause.[2] Accordingly, for the following reasons, Petitioner's petition should be dismissed for failure to prosecute. Further, the Respondent's motion to dismiss should be granted because the petition is untimely.

## Discussion

On August 24, 2005, Petitioner pleaded no contest and was convicted of one count of lewd and lascivious battery and sentenced to 97.5 months imprisonment. The same day, Petitioner also pled no contest to violating probation on a previous lewd and lascivious battery charge and was a concurrent sentence of 123.25 months. (Respondent Exhs. E, G.) He did not appeal. On November 26, 2006, Petitioner filed his first postconviction motion in state court and subsequently filed several other postconviction motions through 2008. On April 11, 2012, Petitioner filed a civil rights complaint in this Court raising claims properly considered in a petition for habeas corpus. (Doc. 1.) He then completed a § 2254 habeas petition on the Court's forms and provided it to prison officials for mailing on May 2, 2012. (Doc. 5.)

---

[2]Petitioner filed a notice of change of address in September 2012, upon his release from incarceration. (Doc. 16.) However, mail sent to that address by the Court since December 2012 has consistently been returned as undeliverable. Because the DOC website lists Petitioner's current location as the Bay County Jail, the Court has since directed that mail be sent to Petitioner at both his address of record and to the Bay County Jail, including the Order to Show Cause. Respondent also sent the Motion to Dismiss to the Bay County Jail as well as Petitioner's address of record. Petitioner has not filed a notice of change of address, and as of the date of this Report and Recommendation, his verified address is still listed on the DOC website as the Bay County Jail, 5700 Star Lane, Panama City, Florida, 32404.

The Petition is due to be dismissed for two reasons. First, the Petitioner has failed to prosecute this case after filing his petition. Secondly – and independent of Petitioner's failure to prosecute – the Petition is due to be dismissed as time-barred.

Turning briefly to Petitioner's failure to prosecute this case, the Petitioner never filed a response to the motion to dismiss, even after the directive from the Court in the Court's show cause order. Indeed, despite the Court's notice and warning that the motion to dismiss would be granted and the petition would be dismissed if Petitioner failed to respond to the show cause order, the Petitioner did nothing. It appears that the Petitioner has been housed at Bay County Jail and even though he has failed to provide the Court with a notice of change of address, both the Court and the Respondent have ensured that documents were sent to both his address of record and the Bay County Jail.

Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[. ]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ( "It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not

be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). Here, despite the fact that Petitioner has been afforded months to respond and has failed to do so amounts to a failure to prosecute and thus dismissal is appropriate.

Second – and independent of whether the Petitioner has abandoned his case – the petition is due to be dismissed because the petition was filed more than one year after Petitioner's judgment became final. Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner's original judgment of guilt was entered on August 24, 2005, and his conviction became final on September 23, 2005, when his 30-day time period to seek direct review had expired. The limitations period ran for 365 days until it expired on September 23, 2006. Petitioner did not file a postconviction motion that would have

tolled the limitations period until November 6, 2006, 43 days <u>after</u> the limitations period expired. The instant habeas petition was filed in 2012, more than five years after the limitations period expired. Petitioner has failed to allege any extraordinary circumstances that prevented him from timely filing his claim. Accordingly, the instant habeas petition is untimely and due to be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the motion to dismiss, Doc. 25, should be **GRANTED.**

2. That the petition for a writ of habeas corpus (Doc. 5) be **DENIED**.

3. That a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 22nd day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**